FILED
SUPERIOR COURT
OF GUAM

2019 JUL 12 AM 11: 16

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JOSHUA F. PETER, ET AL., | Superior Court Case No. **CV0426-18** |
| Plaintiffs, | |
| vs. | **DECISION AND ORDER** |
| | **RE** |
| FRANCIS GILL, ET AL., | **MOTION TO JOIN** |
| | **WAYSON WONG AS A** |
| Defendants. | **PARTY PLAINTIFF** |

The Court here considers Plaintiffs' Motion to Join Wayson Wong as a Party Plaintiff, filed on March 13, 2019. Having considered the parties' arguments and applicable law, the Court GRANTS Plaintiffs' Motion and exercises its discretion allowing the permissive joinder of Wong as a plaintiff.

### I. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiffs seek to clear title on the first lots sold to them by Defendants Cyfred, Ltd. and Francis Gill under a final settlement agreement. Plaintiffs contend that their lots are in Defendant Stephanie Mendiola's name, and seek declaratory judgment and quiet title claims against her. Wong holds first mortgages on five of the fourteen lots involved. He claims that his interest in those five lots equates to Plaintiffs' interest because, as the lots' mortgage holder, he seeks to preserve his security by protecting Plaintiffs' clear title, ownership, and equity in the lots. Minute Entry (June 10, 2019); Mot. Join at 2 (Mar. 13, 2019).

ORIGINAL

Defendants oppose Wong's joinder for multiple reasons: Wong has no standing, Guam Rule of Civil Procedure 19 is inapplicable, and Wong's interests in the lots are adverse to Plaintiffs' interests. Opp'n to Join (Apr. 15, 2019); Minute Entry (June 10, 2019).

## II.    DISCUSSION

The Court first addresses Wong's standing. A plaintiff proves standing by possessing "the irreducible constitutional minimum of standing" under Article III of the US Constitution or a statute. *Benavente v. Taitano*, 2006 Guam 15 ¶ 15. Absent a statute conveying standing, a plaintiff must satisfy the following elements for each and every claim pursued: (1) suffer a concrete, particularized, and actual or imminent injury-in-fact, (2) demonstrate a causal connection between the injury and the complained-of conduct, and (3) show that a favorable decision by the court will likely redress the injury. *Id.*

Here, Wong intends to assert a claim against Mendiola for Plaintiffs' clear title to the lots because he otherwise would lose his security interests in the lots. Minute Entry (June 10, 2019). As Mendiola allegedly has title to the lots in question, her interests in the lots demonstrate a concrete, particularized, actual injury-in-fact of Wong's legally protected first mortgage interests in the lots. Her continued title to the lots is why both Plaintiffs and Wong are seeking to quiet title against her, and a favorable judgment for Plaintiffs would also protect Wong's security interests in the lots. Accordingly, Wong has standing to bring the declaratory judgment and quiet title claims against Mendiola.

However, Plaintiffs' request to join Wong as a plaintiff in this case under Guam Rule of Civil Procedure 19(a)(2) as a party necessary for just adjudication is inappropriate. Wong has been Plaintiffs' counsel from the outset of this case, and Plaintiffs opposed Defendants' June 26,

ORIGINAL

2018 Motion to Dismiss for failure to join indispensable parties. To now argue that Wong is an indispensable party is inconsistent and implies a lack of candor before the Court.

Defendants argue that Wong must join as a third-party plaintiff, if anything, because his interests are adverse to Plaintiffs' interests as their lots' mortgage holder. Minute Entry (June 10, 2019). Rule 14 deals with third-party plaintiffs who can be impleaded when liable for all or part of any recovery a defendant is seeking against the original plaintiff. As Wong is not asserting rights or seeking relief from Plaintiffs, the Court chooses not to apply Rule 14.

The Court instead uses its discretion to join Wong as a plaintiff under Rule 20, which allows for the permissive joinder of a party. Under Rule 20, a party joining as a plaintiff must "assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences," and some question of law or fact common to all plaintiffs must arise in the action. The permissive joinder of a party must also comport with principles of fundamental fairness and cannot prejudice either side. *Visendi v. Bank of Am., N.A.*, 733 F.3d 863 (9th Cir. 2013). Factors used to determine fairness and prejudice include the geographical diversity of parties, the number of parties, any potential jury confusion, whether separate claims require different witnesses and documentary proof, judicial efficiency, and if joinder would engender hundreds of mini-trials. *See, e.g., Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000); *Jacques v. Hyatt*, 2012 WL 3010969, at *2 (N.D. Cal.); *Corley v. Google, Inc.*, 316 F.R.D. 277, 289 (N.D. Cal. 2016).

The series of occurrences Wong and Plaintiffs share is Defendants' alleged continued failure to provide Plaintiffs with clear title to their lots pursuant to the terms of the settlement agreement. This alleged failure is why Plaintiffs are now litigating their title claims and why Wong wants to join the case and protect their interests in order to preserve his security interests.

ORIGINAL

The Court's judgment on Plaintiffs' title claims will affect Wong's security in the lots, demonstrating Wong's and Plaintiffs' claims' shared common questions of law and fact. Accordingly, the Court finds that Wong satisfies both of Rule 20's requirements.

With respect to fairness and prejudice, Defendants claim Wong has sought to avoid procedural and evidentiary rulings by his late entry into the case, and that Defendants will be "deprived of the value of the extensive amounts of money, time and progression towards trial by allowing such joinder." Opp'n to Join at 7-8. Defendants also claim Wong is attempting to use a "backdoor" to act as counsel at trial "so he can avoid hiring other counsel." Opp'n to Join at 3.

Contrary to Defendants' assertion, Plaintiffs do not request any further discovery or changes in scheduling, and Wong does not assert any separate claims or requests for relief if he joins the case as a plaintiff. Mot. Join at 2. Accordingly, although Wong does not explain his delay in seeking joinder, the Court does not find the delay prejudicial to any party. Wong's joinder is also unlikely to engender hundreds of mini-trials and the parties are not diverse or numerous enough to be an issue. Moreover, the Court's December 27, 2018 Decision and Order re Motion to Disqualify Counsel already disqualified Wong from acting as Plaintiffs' counsel at a jury trial, so the Court finds Defendants' "backdoor" argument inapplicable. If Wong elects to represent himself at trial, he would only be able to litigate the causes of action against Mendiola for the five lots' clear title. Overall, Wong's addition as a plaintiff does little to prejudice the opposing parties but allows him to protect his first mortgage rights.

## III.     CONCLUSION

For the aforementioned reasons, the Court hereby GRANTS Plaintiffs' Motion to Join Wayson Wong as a Party Plaintiff. To memorialize his joinder, within 14 days of this Decision and Order, Wong may file an amended complaint which indicates his status as a party and

ORIGINAL

allegations which support that status.  Leave to amend the Complaint is limited to Wong's

joinder; Wong may not address additional claims for which leave has not been granted.

SO ORDERED this 11th day of July 2019.

_____
HON. ÉLYZE M. IRIARTE
Judge, Superior Court of Guam

ICE VIA COURT BOX
dge that a copy of the
reto was placed in the

WONG
VAN DE VELD
7/12/19   12 
Deputy Clerk, Superior Court of Guam

Appearing Attorneys:
Wayson W. S. Wong for Plaintiffs
Curtis C. Van de veld for Cyfred, Ltd., and Leonard Francis Gill, and Stephanie Mendiola

ORIGINAL